**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS FREEMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. |
| | ) | |
| DOROTHY BROWN, MELVIN E. DARBY, | ) | |
| JERRY DAVIS, DET. DAVID CAMMACK, | ) | |
| DET. JAMES JOHNSTON, DET. SGT. JAMES | ) | |
| DAVIS, DET. SGT. T. O'DONNELL, | ) | |
| INV. MAURICE CERNICK, INV. DAVID BAEZ, | ) | |
| INV. KEVIN BADON, INV. MIKE MENDEZ, | ) | |
| INV. JAMES DUFFY and COUNTY OF COOK, | ) | |
|     Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DENNIS FREEMAN, by and through his attorneys, Cindy O'Keefe and John C. Greenlees, and complaining against the Defendants DOROTHY BROWN, MELVIN E. DARBY, JERRY DAVIS, DET. DAVID CAMMACK, DET. JAMES JOHNSTON, DET. SGT. JAMES DAVIS, DET. SGT. T. O'DONNELL, INV. MAURICE CERNICK, INV. DAVID BAEZ, INV. KEVIN BADON, INV. MIKE MENDEZ, INV. JAMES DUFFY and COUNTY OF COOK, states as follows:

INTRODUCTION

1. This action is brought seeking damages as redress for defendants' violations of the Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' arrest, detention, and instigation of charges against the plaintiff on or about December 3, 2009 and thereafter, resulting in damages, including personal and pecuniary injuries.

JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant to 28 U.S.C. Sec.1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec.1367(a).

THE PARTIES

3. On December 3, 2009 the Plaintiff, DENNIS FREEMAN, a citizen of this country, resided in Chicago, Illinois and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4. On December 3, 2009 and at all relevant times herein, the individual defendant DOROTHY BROWN was the elected Clerk of the Circuit Court of Cook County. Individual defendants MELVIN E. DARBY and JERRY DAVIS were on that date and at all relevant times herein employed by the Circuit Court Clerk's office; Defendant Darby was Director of Security and Defendant Davis was Chief Investigator.

5. On December 3, 2009, and at all relevant times herein, the individual defendants DET. DAVID CAMMACK #925, DET. JAMES JOHNSTON # 929, DET. SGT. JAMES DAVIS # 909, DET. SGT. T. O'DONNELL #905, INV. MAURICE CERNICK # 236, INV. KEVIN BADON #692, INV. DAVID BAEZ #517, INV. MIKE MENDEZ #681, INV. JAMES DUFFY #509 were acting under color of law and within the scope of their employment with the Cook County Sheriff's Police as police officers. Said defendants arrested and seized the plaintiff without a properly issued warrant or probable, used excessive force, and effected the improper detention of plaintiff knowing that he had not committed any criminal act, instigating charges

maliciously and for an improper purpose, and are sued in their individual and official capacity.

6. On December 3, 2009, and at all relevant times herein, the Defendant Cook County was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of the individual defendants.

7. On December 3, 2009 and at all relevant times herein other unknown individuals in police clothing and paraphernalia accompanied the defendant officers, and assisted, agreed, and otherwise participated in the violation of plaintiff's constitutional rights.

FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8. During the late afternoon hours on December 3, 2009 plaintiff left his home and entered his vehicle.

9. Defendant heard noise, his vehicle became disabled, and without warning various law enforcement personnel, including specifically members of the Cook County Sheriff's Police herein named as defendants, forcibly removed him from his vehicle and forcibly took him into custody.

10. Plaintiff believes that the defendants used an electronic device to disable his vehicle, whereby the vehicle was damaged and the plaintiff was injured in his left leg.

11. Defendants used excessive force in handcuffing the plaintiff during their seizure of his person, and as a result dislocated his right shoulder and caused other abrasions and contusions.

12. Plaintiff was thereafter brought to the 6th District Courthouse and interrogated in the Sheriff's lockup about 6 telephone messages he had left for elected Circuit Court Clerk Dorothy

Brown on her official, published, public office number. The 6 messages were purportedly left on the same date, November 30, 2009 during an approximately 3.5 hour time span, from 11:49am to 3:30pm. Defendant left his name and telephone number with each message, expressing his dissatisfaction with the Clerk's Office and Clerk Brown.

13. Plaintiff readily admitted leaving the 6 messages (all of which included his name and phone number in the body of the message). None of the messages contained any threats.[1] All of the messages were in fact simple speech directed at an elected official and the statements made by plaintiff in the messages were protected by the First Amendment under the circumstances.

14. Despite this, plaintiff was unreasonably held by the defendants, in custody, for over 48 hours.

15. December 4, 2009 was a Friday, defendants unreasonably failed to bring plaintiff before a magistrate.

16. On December 5, 2009, after the State's Attorney's Office refused to approve felony charges (see Footnote 1 above), defendant Johnston contacted defendant Darby, and Defendant Darby then signed a complaint against plaintiff for Harassment by Telephone. The purported victim of the Harassment by Telephone complaint was elected Clerk, defendant Dorothy Brown.

17. Plaintiff was finally released from custody in the evening on December 5, 2009 after posting $100 bond, was charged with the Class A Misdemeanor offense of Harassment by Telephone, and was required to appear before the Circuit Court to answer the charges.

18. On September 16, 2011 all charges against plaintiff were dismissed. All charges were resolved in plaintiff's favor in a manner and under circumstances indicative of innocence.

---

[1] According to a police report authored by defendant Johnston, "(O)n 05 December 2009, ASA Sherman listened to the voice mails at which time she determined that a threat was not present and denied felony charges."

COUNT I
MALICIOUS PROSECUTION
(State Law Claim)

19. Plaintiff incorporates herein paragraphs 1 –18 above as though fully set forth herein.

20. At all relevant times herein, the Plaintiff, Dennis Freeman, enjoyed and possessed a right under the law of the State of Illinois to be free from arrest and prosecution instituted maliciously and without probable cause.

21. Defendants effected the unlawful seizure, detention, arrest and prosecution of the Plaintiff, without lawful authority in the form of probable cause.

22. Defendants Brown, Darby and Jerry Davis claimed that plaintiff left threats or threatening messages for Dorothy Brown knowing that this was false. Defendants Johnston, Cammack, and Sgt. Davis knowingly repeated and perpetuated this falsehood, and also placed a "Critical Reach Alert" and "Special Attention Notice" out for plaintiff, and so notified other law enforcement agencies, based on the false allegation that he had threatened a public official.

23. Defendants Brown, Darby, Jerry Davis, Johnston, Cammack, and Sgt. Davis knew that the allegation that Plaintiff had threatened Brown was false because they had listened to, or had full opportunity to listen to, the six (6) discrete, short voicemail messages left by the plaintiff.

24. Despite knowing that there were no threats, that no one had ever advised Freeman to stop leaving messages, and that no crime had been committed by Plaintiff's leaving the voicemail messages, defendants sought and ultimately instigated criminal charges against the plaintiff knowing that there was no factual basis for the charges.

25. Defendants were motivated by malice because of the insulting nature of plaintiff's messages complaining about Clerk Brown and her staff, and arrested and prosecuted plaintiff for these false charges as retaliation for his complaints and the content of his speech to this public

official.

26. Defendants and other officers forcibly restrained plaintiff. Plaintiff was arrested, detained, held for over 48 hours, and charged with a misdemeanor criminal offense.

27. Plaintiff was forced to appear in court numerous times to contest the false and maliciously brought charges and ultimately appeared ready for trial and a motion to dismiss. The charges were ultimately dismissed on the State's motion.

28. Plaintiff suffered mental anguish and damage, monetary expenditures, physical injury, and emotional distress through the actions of the defendants.

29. At all times relevant herein, Defendants were acting under color of law and their individual conduct as described hereinabove was done willfully, wantonly, with reckless disregard, and/or deliberate indifference to the rights of the Plaintiff; and was further done with malice, solely for the purpose of harassing plaintiff and in response to his complaints and his otherwise protected speech about defendant Brown, an elected official, and her staff.

30. The underlying prosecution was terminated in the plaintiff's favor, in a manner indicative of innocence, when the State in the face of trial and a motion to dismiss based on the failure to factually state or allege a criminal act, the state dismissed the charges.

WHEREFORE the Plaintiff, Dennis Freeman, demands judgment against Defendants, jointly and severally, for compensatory damages, in a sum in excess of $50,000.00.

COUNT II
FOURTH AMENDMENT VIOLATION
EXCESSIVE FORCE 42 U.S.C. Sec. 1983

31. Plaintiff incorporates herein paragraphs 1 – 18, 26, 28 and 29 above as though fully set forth herein.

32. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth

Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in him person, effects and property, including freedom from the use of unreasonable and/or excessive force against him.

32.     On December 3, 2009 Defendants Badon, Baez, Mendez, and Duffy, were all assigned to the Fugitive Warrant Unit, which was requested by Defendants Sgt. Davis, Johnston and Cammack, and these defendants were thereafter assigned the task of locating and arresting plaintiff.

33.     There was no lawful warrant issued or sought for the arrest of the plaintiff.   Plaintiff was not a fugitive.

34.     When defendants located plaintiff, they used unlawful and unreasonable force against the Plaintiff without lawful justification, in that they disabled his vehicle and injured him with the device used to disable the vehicle, twisted his arm violently causing it to dislocate in an effort to handcuff him, placed handcuffs on too tightly, and roughly handled plaintiff causing contusions.

35.     Plaintiff's daughters protested the treatment of the plaintiff, noted that plaintiff did not resist or otherwise cause any problem for the officers, and informed the officers that their father was ill and was suffering from a previous injury.

36.     Despite the plaintiff's daughters requests that the police not use excessive force on their father, defendants used force in excess of that required under the circumstances.

37.     Plaintiff did not refuse to accompany the defendants, and defendants did not have a warrant nor did the defendants see plaintiff commit a crime or have probable cause to believe that a crime was being committed.   Plaintiff was not asked to comply prior to the officers use of force.   The force used was unnecessary and excessive under the circumstances to restrain plaintiff, obtain his compliance, or accomplish a lawful purpose.

38. The force used, and the act of arresting and handcuffing the plaintiff under these circumstances violated plaintiff's rights under the Fourth Amendment.

39. As described above, the conduct of Defendants was intentionally carried out, under color of law and within the scope of his employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment to the Constitution of the United States.

40. As the proximate result of the unlawful and excessive use of force by Defendants, which violated the rights of the Plaintiff, Mr. Freeman has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $50,000.00.

COUNT III
FOURTH AMENDMENT VIOLATION
UNLAWFUL SEIZURE, ARREST AND RESTRAINT
42 U.S.C. Sec. 1983

41. Plaintiff incorporates herein paragraphs 1 – 18, 26, 28, 29, 32 – 34, and 37 above as though fully set forth herein.

42. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures and to be secure in his person from having his liberty unlawfully restrained.

43. Defendants effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial

warrant or writ, or other factual or legal justification.

44.     At all times relevant herein, Defendants were acting under color of law and their individual conduct as described hereinabove was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of the Plaintiff.

45.     When defendants Brown, Darby, and Jerry Davis claimed that plaintiff had threatened defendant Brown, or that he had harassed defendant Brown by telephone under the meaning of the telephone harassment statute, he had not violated any law or ordinance, his speech on the six (6) phone messages he left was protected by the First Amendment, and there was no probable cause to believe plaintiff had committed or was committing any crime.

46.     The allegation that plaintiff was threatening a public official, or harassing the same by telephone, or was alarming and disturbing unnamed, unknown individuals, and that his conduct in leaving complaint messages on defendant Brown's public voicemail, even if they included invective, was somehow criminal was not supported by the law or evidence.

47.     Defendants' individual acts violated Plaintiff's right to be free from unreasonable searches and seizures, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

   WHEREFORE the Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $50,000.00.

COUNT X
FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION
UNLAWFUL SEIZURE, EXCESSIVE FORCE AND DEPRIVATION OF LIBERTY
(FAILURE TO INTERVENE)
42 U.S.C. Sec. 1983

48. Plaintiff incorporates herein paragraphs 1 – 18, 26, 28, 29, 32 – 34, 37, and 45 above as though fully set forth herein.

49. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, including the use of excessive force, along with the right to be free from unlawful and false arrest without probable cause, and to be secure in his person. In addition, plaintiff enjoyed and possessed a right under the Fifth Amendment that his liberty would not be deprived without due process of law.

50. Defendants Sgt. Davis, Johnston and Cammack each stood by and failed to intervene to prevent the unconstitutional and unreasonable detentions, arrest and seizure of the plaintiff despite knowing, or being in possession of information that established, that plaintiff had not threatened nor harassed defendant Brown. Defendants Sgt. Davis, Johnston and Cammack were clearly able to prevent the unlawful arrest and violation of the plaintiff's constitutional rights as they could simply have refused Brown, Darby, and Jerry Davis' request that plaintiff be charged or arrested, and they could have conveyed accurate information to the other defendants rather than repeat the falsehoods: that there was threatening or harassing conduct. At all relevant times herein, Defendants Sgt. Davis, Johnston and Cammack were acting under color of law and within the scope of their employment.

51. After directing defendants Badon, Baez, Mendez, and Duffy to arrest the plaintiff, Defendants Sgt. Davis, Johnston and Cammack failed to intervene to prevent the

unconstitutional, unreasonable, and excessive use of force applied to plaintiff and failed to prevent the unconstitutional arrest without probable cause or reasonable suspicion.

52. Defendants Badon, Baez, Mendez, and Duffy were present and clearly able to prevent each other's individual acts and their excessive force and unlawful arrest of the plaintiff.

53. Defendants Sgt. Davis, Johnston and Cammack failed to intervene to prevent the false and malicious charging of the plaintiff by Brown, Darby, and Jerry Davis with acts which: 1) were not a violation of law (e.g. the speech contained in the complaint voicemails); and 2) did not occur (e.g. that there were threats made in those messages).

54. As the proximate result of the failure of Defendants to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unlawful and unreasonable seizure of his person, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Cook County Sheriff Police Defendants, jointly and severally, for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $100, 000.00.

COUNT XII
42 U.S.C. Sec. 1983 VIOLATION
COOK COUNTY SHERIFF
(MONELL LIABILITY)

55. 48. Plaintiff incorporates herein paragraphs 1 – 18, 26, 28, 29, 32 – 34, 37, and 45 above as though fully set forth herein.

56. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures,

including the use of excessive force, and to be secure in his person. In addition, plaintiff enjoyed and possessed a right under the Fifth and Fourteenth Amendments that his liberty would not be deprived without due process of law.

57. During the events described herein, certain Supervisory Personnel, agents or employees of the Cook County Sheriff with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and fire Cook County Sheriff's Police Officers.

58. This individual or these individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights. These individuals encouraged the violation of plaintiff's rights in that they failed to insure that officers did not convey false information, that standards were followed with respect to signing and approving complaints, that standards were set or followed with regard to the use of force, and that arrests and seizures were not made without probable cause or the appropriate legal standard.

59. These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of defendant officers and others and did nothing to correct, train, discipline, or otherwise relieve said officers of authority or duties involving the use of force or the decision to arrest.

60. These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of the defendant Officers.

61. As a direct result of the County policy-makers failure to take action against defendants, or otherwise restrain or control their actions with respect to the plaintiff, defendants remained

free to harass and violate the plaintiff's constitutional rights. This failure to take any action against defendants was the proximate cause of the incident and the multiple violations of the plaintiff's rights which occurred that day.

62. As a result of the individual or individuals failure to properly discipline or investigate defendant officers, they were encouraged and led to believe that their improper and unconstitutional conduct would not be scrutinized or punished. These failures created an informal policy or custom which resulted in the violations of the plaintiffs rights alleged herein.

63. This complete failure to address, discipline, or respond in any way to the continued unconstitutional actions of defendant officers, committed on both the plaintiff and to other individuals, was the proximate cause of the violations of plaintiff's constitutional rights.

64. The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs.

65. As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant Village failed to prevent and in fact encouraged and caused the use of excessive force, false arrest, malicious prosecution, and the unreasonable seizure of plaintiff.

66. Prior to December 3, 2009 through the actions and inactions of its policy-making personnel, the Cook County Sheriff developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons, which proximately caused the violation of Plaintiff's rights.

67. It was the policy and/or custom of the Cook County Sheriff and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the treatment of family members of defendants, citizens in general, the use of excessive force,

and the lodging of false allegations and charges, and such acts of misconduct were instead tolerated by the Cook County Sheriff.

68. It was the policy and/or custom of the Cook County Sheriff to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The County did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation. The County did not require or demand any in-service or re-training of defendants despite complaints from citizens, including the plaintiff.

69. As a result of the above described policies and customs, police officers of the Cook County Sheriff, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70. The Cook County Sheriff failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrests, seizures, and detentions of citizens without probable cause.

71. The Cook County Sheriff failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level of force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

72. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Cook County Sheriff to the constitutional rights of persons within the Village, and were the proximate cause of the violations of Plaintiff's rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered physical

injury, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant, Cook County, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $100,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted by:
By: /s/ John C. Greenlees
John C. Greenlees Atty No. 6196135
600 Holiday Plaza Drive #500
Matteson IL 60443
708 747 9440
708 747 9445 facsimile