**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DENNIS FREEMAN, )
        Plaintiff, )
             )
        v. )        11  C 08599
             )
DOROTHY BROWN, et. al., )        Honorable Judge
             )        Gary Feinerman
        Defendants. )

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, Detective David Cammack, Detective James Johnston, Detective Sergeant James Davis, Detective Sergeant Tim O'Donnell, Investigator Maurice Cernick, Investigator David Baez, Investigator Kevin Badon, Investigator Mike Mendez and Investigator James Duffy, by Anita Alvarez, State's Attorney of Cook County, through her assistant, Assistant State's Attorney Aaron R. Bond, and hereby answer Plaintiff's Complaint as follows:

### INTRODUCTION

1. This action is brought seeking damages as redress for defendants' violations of the Plaintiffs rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' arrest, detention, and instigation of charges against the plaintiff on or about December 3, 2009 and thereafter, resulting in damages, including personal and pecuniary injuries.

**ANSWER:** Defendants admit that these are Plaintiff's allegations. Defendants deny any allegations of wrongdoing contained in paragraph 1.

### JURISDICTION AND VENUE

1

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331 and Sec.l343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant to 28 U.S.C. Sec.l391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. Sec. l 367(a).

**ANSWER:** Defendants admit that jurisdiction and venue are proper.


## PARTIES

3. On December 3, 2009 the Plaintiff, DENNIS FREEMAN, a citizen of this country, resided in Chicago, Illinois and enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

**ANSWER:** Defendants admit the contents of paragraph 3.


4. On December 3, 2009 and at all relevant times herein, the individual defendant DOROTHY BROWN was the elected Clerk of the Circuit Court of Cook County. Individual defendants MELVIN E. DARBY and JERRY DAVIS were on that date and at all relevant times herein employed by the Circuit Court Clerk's office; Defendant Darby was Director of Security and Defendant Davis was Chief Investigator.

**ANSWER:** Defendants make no answer on behalf of Defendants Dorothy Brown, Melvin Darby or Jerry Davis.


5. On December 3, 2009, and at all relevant times herein, the individual defendants DET. DAVID CAMMACK #925, DET. JAMES JOHNSTON # 929, DET. SGT. JAMES

DAVIS # 909, DET. SGT. T. O'DONNELL #905, INV. MAURICE CERNICK # 236, INV. KEVIN BADON #692, INV. DAVID BAEZ #517, INV. MIKE MENDEZ #681, INV. JAMES DUFFY #509 were acting under color of law and within the scope of their employment with the Cook County Sheriffs Police as police officers. Said defendants arrested and seized the plaintiff without a properly issued warrant or probable, used excessive force, and effected the improper detention of plaintiff knowing that he had not committed any criminal act, instigating charges maliciously and for an improper purpose, and are sued in their individual and official capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence 1 of paragraph 5. Defendants deny the remaining allegations contained in paragraph 5.


6. On  December 3, 2009, and at all relevant times herein, the Defendant Cook County was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of the individual defendants.

**ANSWER:** Defendants make no answer on behalf of Defendant Cook County.


7. On December 3, 2009 and at all relevant times herein other unknown individuals in police clothing and paraphernalia accompanied the defendant officers, and assisted, agreed, and otherwise participated in the violation of plaintiffs constitutional rights.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 7.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

8. During the late afternoon hours on December 3, 2009 plaintiff left his home and entered his vehicle.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 8.

9. Defendant heard noise, his vehicle became disabled, and without warning various law enforcement personnel, including specifically members of the Cook County Sheriffs Police herein named as defendants, forcibly removed him from his vehicle and forcibly took him into custody.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 9.

10. Plaintiff believes that the defendants used an electronic device to disable his vehicle, whereby the vehicle was damaged and the plaintiff was injured in his left leg.

**ANSWER:** Defendants deny the allegations contained in paragraph 10.

11. Defendants used excessive force in handcuffing the plaintiff during their seizure of his person, and as a result dislocated his right shoulder and caused other abrasions and contusions.

4

**ANSWER:** Defendants deny the allegations contained in paragraph 11.

12. Plaintiff was thereafter  brought to the 6th District Courthouse and interrogated in the Sheriffs lockup about 6 telephone messages he had left for elected Circuit Court Clerk Dorothy Brown on her official, published, public office number. The 6 messages were purportedly left on the same date, November 30, 2009 during an approximately 3.5 hour time span, from 11:49am to 3:30pm. Defendant left his name and telephone number with each message, expressing his dissatisfaction with the Clerk's Office and Clerk Brown.

**ANSWER:** Defendants deny that Plaintiff was brought to the 6th District Courthouse. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. Plaintiff readily admitted leaving the 6 messages (all of which included his name and phone number in the body of the message). None of the messages contained any threats. All of the messages were in fact simple speech directed at an elected official and the statements made by plaintiff in the messages were protected by the First Amendment under the circumstances.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 13.

14. Despite this, plaintiff was unreasonably held by the defendants, in custody, for over 48 hours.

**ANSWER:** Defendants deny the allegations contained in paragraph 14.

15. December 4, 2009 was a Friday, defendants unreasonably failed to bring plaintiff before a magistrate.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 15.

16. On December 5, 2009, after the State's Attorney's Office refused to approve felony charges (see Footnote 1 above), defendant Johnston contacted defendant Darby, and Defendant Darby then signed a complaint against plaintiff for Harassment by Telephone. The purported victim of the Harassment by Telephone complaint was elected Clerk, defendant Dorothy Brown.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 16.

17. Plaintiff was finally released from custody in the evening on December 5, 2009 after posting $100 bond, was charged with the Class A Misdemeanor offense of Harassment by Telephone, and was required to appear before the Circuit Court to answer the charges.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 17.

18. On September 16, 2011 all charges against plaintiff were dismissed. All charges were resolved in plaintiffs favor in a manner and under circumstances indicative of innocence.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 18.

## COUNT I
## MALICIOUS PROSECUTION
### (State Law Claim)

19. Plaintiff incorporates herein paragraphs 1 -18 above as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraph 1-18 above as though fully set forth herein.

20. At all relevant times herein, the Plaintiff, Dennis Freeman, enjoyed and possessed a right under the law of the State of Illinois to be free from arrest and prosecution instituted maliciously and without probable cause.

**ANSWER:** Defendants admit the contents of paragraph 20.

21. Defendants effected the unlawful seizure, detention, arrest and prosecution of the Plaintiff, without lawful authority in the form of probable cause.

**ANSWER:** Defendants deny the allegations contained in paragraph 21.

22. Defendants Brown, Darby and Jerry Davis claimed that plaintiff left threats or threatening messages for Dorothy Brown knowing that this was false. Defendants Johnston, Cammack, and Sgt. Davis knowingly repeated and perpetuated this falsehood, and also placed a "Critical Reach Alert" and "Special Attention Notice" out for

7

plaintiff, and so notified other law enforcement agencies, based on the false allegation that he had threatened a public official.

**ANSWER:** Defendants make no answer for Defendants Dorothy Brown, Melvin Darby or Jerry Davis. Defendants deny the allegations directed toward them contained in paragraph 22.

23. Defendants Brown Darby, Jerry Davis, Johnston, Cammack, and Sgt. Davis knew that the allegation that Plaintiff had threatened Brown was false because they had listened to, or had full opportunity to listen to, the six (6) discrete, short voicemail messages left by the plaintiff.

**ANSWER:** Defendants make no answer for Defendants Dorothy Brown, Melvin Darby or Jerry Davis. Defendants deny the allegations directed toward them contained in paragraph 23.

24. Despite knowing that  there were no threats, that no one had ever advised Freeman to stop leaving messages, and that no crime had been committed by Plaintiffs leaving the voicemail messages, defendants sought and ultimately instigated criminal charges against the plaintiff knowing that there was no factual basis for the charges.

**<u>ANSWER:</u>** Defendants deny the allegations contained in paragraph 24.

25. Defendants were motivated  by malice because of the insulting nature of plaintiff s messages complaining about Clerk Brown and her staff, and arrested and prosecuted plaintiff for these false charges as retaliation for his complaints and the content of his speech to this public official.

**ANSWER:** Defendants deny the allegations contained in paragraph 25.

26. Defendants and other officers forcibly restrained plaintiff. Plaintiff was arrested, detained, held for over 48 hours, and charged with a misdemeanor criminal offense.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 26.

27. Plaintiff was forced to appear in court numerous times to contest the false and maliciously brought charges and ultimately appeared ready for trial and a motion to dismiss. The charges were ultimately dismissed on the State's motion.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 27.

28. Plaintiff suffered mental anguish and damage, monetary expenditures, physical injury, and emotional distress through the actions of the defendants.

**ANSWER:** Defendants deny the allegations contained in paragraph 28.

29. At all times relevant herein, Defendants were acting under color of law and their individual conduct as described herein above was done willfully, wantonly, with reckless disregard, and/or deliberate indifference to the rights of the Plaintiff; and was further done with malice, solely for the purpose of harassing plaintiff and in response to his complaints and his otherwise protected speech about defendant Brown, an elected official, and her staff.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

30. The underlying prosecution was terminated in the plaintiffs favor, in a manner indicative of innocence, when the State in the face of trial and a motion to dismiss based on the failure to factually state or allege a criminal act, the state dismissed the charges.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 30.


## COUNT II
## FOURTH AMENDMENT VIOLATION
## EXCESSIVE  FORCE 42 U.S.C. Sec.1983

31. Plaintiff incorporates herein paragraphs 1-18, 26, 28 and 29 above as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraph 1-18, 26, 28 and 29 above as though fully set forth herein.


32. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in him person, effects and property, including freedom from the use of unreasonable and/or excessive force against him.

**ANSWER:** Defendants admit the content of paragraph 32.


32[sic]. On December 3, 2009 Defendants Badon, Baez, Mendez, and Duffy, were all assigned to the Fugitive Warrant Unit, which was requested by Defendants Sgt. Davis, Johnston and

Cammack, and these defendants were thereafter assigned the task of locating and arresting plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 32[sic].

33. There was no lawful warrant issued or sought for the arrest of the plaintiff. Plaintiff was not a fugitive.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 33.

34. When defendants located plaintiff, they used unlawful and unreasonable force against the Plaintiff without lawful justification, in that they disabled his vehicle and injured him with the device used to disable the vehicle, twisted his arm violently causing it to dislocate in an effort to handcuff him, placed handcuffs on too tightly, and roughly handled plaintiff causing contusions.

**ANSWER:** Defendants deny the allegations contained in paragraph 34.

35. Plaintiff's daughters protested the treatment of the plaintiff, noted that plaintiff did not resist or otherwise cause any problem for the officers, and informed the officers that their father was ill and was suffering from a previous injury.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 35.

36. Despite the plaintiff's daughters requests that the police not use excessive force on their father, defendants used force in excess of that required under the circumstances.

**ANSWER:** defendants deny the allegations contained in paragraph 36.

37. Plaintiff did not refuse to accompany the defendants, and defendants did not have a warrant nor did the defendants see plaintiff commit a crime or have probable cause to believe that a crime was being committed. Plaintiff was not asked to comply prior to the officers use of force. The force used was unnecessary and excessive under the circumstances to restrain plaintiff, obtain his compliance, or accomplish a lawful purpose.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 37.

38. The force used, and the act of arresting and handcuffing the plaintiff under these circumstances violated plaintiffs rights under the Fourth Amendment.

**ANSWER:** Defendants deny the allegations contained in paragraph 38.

39. As described above, the conduct of Defendants was intentionally carried out, under color of law and within the scope of his employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER:** Defendants deny the allegations contained in paragraph 39.

40. As the proximate result of the unlawful and excessive use of force by Defendants, which violated the rights of the Plaintiff, Mr. Freeman has suffered and continues to suffer injuries of a personal and pecuniary nature.

**ANSWER:** Defendants deny the allegations contained in paragraph 40.

## COUNT III
## FOURTH AMENDMENT VIOLATION
## UNLAWFUL SEIZURE, ARREST AND RESTRAINT
## 42 U.S.C. Sec. 1983

41. Plaintiff incorporates herein paragraphs 1 - 1 8 , 26, 28, 29, 32 - 34, and 37 above as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraph 1-18, 26, 28, 29, 32-34 and 37 above as though fully set forth herein.

42. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures and to be secure in his person from having his liberty unlawfully restrained.

**ANSWER:** Defendants admit the contents of paragraph 42.

43. Defendants effected the  unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification.

**ANSWER:** Defendants deny the allegations contained in paragraph 43.

44. At all times relevant herein, Defendants were acting under color of law and their individual conduct as described herein above was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 44.

45. When defendants Brown, Darby, and Jerry Davis claimed that plaintiff had threatened defendant Brown, or that he had harassed defendant Brown by telephone under the meaning of the telephone harassment statute, he had not violated any law or ordinance, his speech on the six (6) phone messages he left was protected by the First Amendment, and there was no probable cause to believe plaintiff had committed or was committing any crime.

**ANSWER:** Defendants make no answer for Defendants Dorothy Brown, Melvin Darby or Jerry Davis. Defendants deny the allegations directed toward them contained in paragraph 45.

46. The allegation that plaintiff was threatening a public official, or harassing the same by telephone, or was alarming and disturbing unnamed, unknown individuals, and that his conduct in leaving complaint messages on defendant Brown's public voicemail, even if they included invective, was somehow criminal was not supported by the law or evidence.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of paragraph 46.

47. Defendants' individual acts violated Plaintiffs right to be free from unreasonable searches and seizures, and unlawful arrest and prosecution, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the

future continue to suffer, severe damages including loss of reputation, mental anguish,

emotional distress and legal expenses as alleged herein.

**ANSWER:** Defendants deny the allegations contained in paragraph 47.

**COUNT X [sic]**
**FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATION**
**UNLAWFUL SEIZURE, EXCESSIVE FORCE AND DEPRIVATION OF**
**LIBERTY**
**(FAILURE TO INTERVIEW)**
**42 U.S.C. Sec. 1983**

48. Plaintiff incorporates herein  paragraphs 1-18, 26, 28, 29, 32 - 34, 37, and 45

above as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraph 1-18, 26, 28, 29, 32-34,

37 and 45 above as though fully set forth herein.

49. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the

Fourth Amendment to the Constitution of the United States to be free from unreasonable

seizures, including the use of excessive force, along with the right to be free from unlawful

and false arrest without probable cause, and to be secure in his person. In addition, plaintiff

enjoyed and possessed a right under the Fifth Amendment that his liberty would not be

deprived without due process of law.

**ANSWER:** Defendants admit the contents of paragraph 49.

50. Defendants Sgt. Davis, Johnston and Cammack each stood by and failed to

intervene to prevent the unconstitutional and unreasonable detentions, arrest and seizure of

the plaintiff despite knowing, or being in possession of information that established, that

plaintiff had not threatened nor harassed defendant Brown. Defendants Sgt. Davis, Johnston and Cammack were clearly able to prevent the unlawful arrest and violation of the plaintiffs constitutional rights as they could simply have refused Brown, Darby, and Jerry Davis' request that plaintiff be charged or arrested, and they could have conveyed accurate information to the other defendants rather than repeat the falsehoods: that there was threatening or harassing conduct. At all relevant times herein, Defendants Sgt. Davis, Johnston and Cammack were acting under color of law and within the scope of their employment.

**ANSWER:** Defendants deny the allegations contained in paragraph 50.

51. After directing defendants Badon, Baez, Mendez, and Duffy to arrest the plaintiff, Defendants Sgt. Davis, Johnston and Cammack failed to intervene to prevent the unconstitutional, unreasonable, and excessive use of force applied to plaintiff and failed to prevent the unconstitutional arrest without probable cause or reasonable suspicion.

**ANSWER:** Defendants deny the allegations contained in paragraph 51

52. Defendants Badon, Baez, Mendez, and Duffy were present and clearly able to prevent each other's individual acts and their excessive force and unlawful arrest of the plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 52.

53. Defendants Sgt. Davis, Johnston and Cammack failed to intervene to prevent the false and malicious charging of the plaintiff by Brown, Darby, and Jerry Davis with acts

which: 1) were not a violation of law (e.g. the speech contained in the complaint voicemails); and 2) did not occur (e.g. that there were threats made in those messages).

**ANSWER:** Defendants deny the allegations contained in paragraph 53

54. As the proximate result of the failure of Defendants to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unlawful and unreasonable seizure of his person, or the unlawful arrest and false charging, despite the clear need and unreasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:** Defendants deny the allegations contained in paragraph 54

**COUNT XII[sic]**
**42 U.S.C. Sec. 1983  VIOLATION**
**COOK COUNTY SHERIFF**
**(MONELL LIABILITY)**

55. Plaintiff incorporates herein paragraphs 1-18, 26, 28,29, 32 - 34, 37, and 45 above as though fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraph 1-18, 26, 28, 29, 32-34, 37 and 45 above as though fully set forth herein.

56. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, including the use  of excessive force, and to be secure in his person. In addition,

plaintiff enjoyed and possessed a right under the Fifth and Fourteenth Amendments that his liberty would not be deprived without due process of law.

**ANSWER:** Defendants admit the contents of paragraph 56.


57. During the events described herein, certain Supervisory Personnel, agents or employees of the Cook County Sheriff with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and fire Cook County Sheriffs Police Officers.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 57 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 57, Defendants deny said allegations.


58. This individual or these individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights. These individuals encouraged the violation of plaintiff s rights in that they failed to insure that officers did not convey false information, that standards were followed with respect to signing and approving complaints, that standards were set or followed with regard to the use of force, and that arrests and seizures were not made without probable cause or the appropriate legal standard.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 58 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 58, Defendants deny said allegations.

59. These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of defendant officers and others and did nothing to correct, train, discipline, or otherwise relieve said officers of authority or duties involving the use of force or the decision to arrest.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 59 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 59, Defendants deny said allegations.

60. These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of the defendant Officers.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To

the extent that said allegations contained in paragraph 60 are directed toward Defendant

Cook County, Defendants make no answer for Defendant Cook County. To the extent any

allegations of wrongdoing are made against the individual Sheriff Defendants in

paragraph 60, Defendants deny said allegations.


61. As a direct result of the County policy-makers failure to take action against

defendants, or otherwise restrain or control their actions with respect to the plaintiff,

defendants remained free to harass and violate the plaintiffs constitutional rights. This failure

to take any action against defendants was the proximate cause of the incident and the multiple

violations of the plaintiffs rights which occurred that day.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-

captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To

the extent that said allegations contained in paragraph 61 are directed toward Defendant

Cook County, Defendants make no answer for Defendant Cook County. To the extent any

allegations of wrongdoing are made against the individual Sheriff Defendants in

paragraph 61, Defendants deny said allegations.


62. As a result of the individual or individuals failure to properly discipline or

investigate defendant officers, they were encouraged and led to believe that their improper and

unconstitutional conduct would not be scrutinized or punished. These failures created an

informal policy or custom which resulted in the violations of the plaintiffs rights alleged

herein.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 62 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 62, Defendants deny said allegations.

63. This complete failure to address, discipline, or respond in any way to the continued unconstitutional actions of defendant officers, committed on both the plaintiff and other individuals, was the proximate cause of the violations of plaintiff s constitutional rights.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 63 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 63, Defendants deny said allegations.

64. The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 64 are directed toward Defendant

Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 64, Defendants deny said allegations.

65. As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, the defendant Village failed to prevent and in fact encouraged and caused the use of excessive force, false arrest, malicious prosecution, and the unreasonable seizure of plaintiff.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 65 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 65, Defendants deny said allegations.

66. Prior to December 3, 2009 through the actions and inactions of its policy-making personnel, the Cook County Sheriff developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons, which proximately caused the violation of Plaintiff s rights.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 66 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any

allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 66, Defendants deny said allegations.

67. It was the policy and/or custom of the Cook County Sheriff and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to the treatment of family members of defendants, citizens in general, the use of excessive force, and the lodging of false allegations and charges, and such acts of misconduct were instead tolerated by the Cook County Sheriff.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 67 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 67, Defendants deny said allegations.

68. It was the policy and/or custom of the Cook County Sheriff to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The County did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation. The County did not require or demand any in-service or re training of defendants despite complaints from citizens, including the plaintiff.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 68 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 68, Defendants deny said allegations.

69. As a result of the above described policies and customs, police officers of the Cook County Sheriff, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 69 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 69, Defendants deny said allegations.

70. The Cook County Sheriff failed to train and supervise its officers, and failed to implement policies, to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrests, seizures, and detentions of citizens without probable cause.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To

24

the extent that said allegations contained in paragraph 70 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 70, Defendants deny said allegations.


71. The Cook County Sheriff failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level off force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To the extent that said allegations contained in paragraph 71 are directed toward Defendant Cook County, Defendants make no answer for Defendant Cook County. To the extent any allegations of wrongdoing are made against the individual Sheriff Defendants in paragraph 71, Defendants deny said allegations.


72. The above described  policies and customs demonstrated a deliberate indifference on the part of policymakers of the Cook County Sheriff to the constitutional rights of persons within the Village, and were the proximate cause of the violations of Plaintiff s rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish, emotional distress, and legal expenses, as alleged herein.

**ANSWER:** Cook County Sheriff is not a named Defendants in the above-captioned lawsuit; as such Defendants make no answer for the Cook County Sheriff. To

the extent that said allegations contained in paragraph 72 are directed toward Defendant

Cook County, Defendants make no answer for Defendant Cook County. To the extent any

allegations of wrongdoing are made against the individual Sheriff Defendants in

paragraph 72, Defendants deny said allegations.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendants, Detective David Cammack, Detective James

Johnston, Detective Sergeant James Davis, Detective Sergeant Tim O'Donnell,

Investigator Maurice Cernick, Investigator David Baez, Investigator Kevin Badon,

Investigator Mike Mendez and Investigator James Duffy, by their attorney, Anita Alvarez,

State's Attorney of Cook County, through her assistant, Assistant State's Attorney Aaron

R. Bond, and set forth the following affirmative defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not

violate any of Plaintiff's clearly established Constitutional rights. Accordingly,

Defendants are entitled to the defense of qualified immunity.

2. Defendants will rely on the affirmative defenses of self defense, defense of others

and use of force in making an arrest.

3. Plaintiff's pendent state law claims are time barred by the statute of limitations.

4. At all times relevant in Plaintiff's Complaint, Defendants were local public

entities as defined by the Local Governmental and Governmental Employee's Tort

Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et. seq., (1995 as

amended) and as such can avail themselves of any and all immunities and defenses

provided for therein.

5.  Pursuant to 745 ILCS 10/2-202, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful or wanton conduct. As set forth above, the conduct of Defendants was at all times objectively reasonable and they are subsequently immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

6.  Pursuant to 745 ILCS 10/2-204 a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. As set forth above, Defendants are immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

7.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages, costs, injunctive relief or attorney's fees. Defendants pray that this

Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: _/s/Aaron R. Bond_____
Aaron R. Bond
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Suite 500
Chicago, Illinois 60602
(312) 603-5153