UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS FREEMAN, ) | |
| ) | |
| Plaintiff, ) | No. 11 CV 05899 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| DOROTHY BROWN, MELVIN DARBY, ) | |
| JERRY DAVIS, DAVID CAMMACK, ) | |
| JAMES JOHNSTON, JAMES DAVIS, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dennis Freeman sued Cook County and a group of Cook County deputy sheriffs, as well as Cook County Clerk of the Circuit Court Dorothy Brown and two Clerk's office employees, Melvin E. Darby, and Jerry Davis (collectively, "Clerk Defendants"). Freemen alleges that the defendants violated his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.[1] Freeman also asserts a state-law malicious prosecution claim against the Clerk's Office Defendants and the Cook County deputies. The Clerk Defendants have moved to dismiss Freeman's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). R. 15. For the following reasons, Defendants' motion is denied.

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

## I.

At this stage of the litigation, we accept Freeman's allegations as true and draw reasonable inferences in his favor. On November 3, 2009, during a 3½-hour time span, from 11:49 a.m. to 3:30 p.m., Freeman called Clerk Brown's officially-published phone number and left six voicemail messages. R. 1, Compl. ¶ 12. Freeman left his name and telephone number with each message. *Id.* According to Freeman, none of the messages contained any threats. *Id.* ¶ 13. Freeman alleges that the messages expressed his dissatisfaction with Brown and her office, and that the First Amendment protected the statements he made.[2] *Id.*

On December 3, 2009, Freeman left his home and entered his vehicle, which was then disabled by law enforcement with an electronic device. *Id.* ¶¶ 8, 10. After disabling Freeman's vehicle, law enforcement approached Freeman, removed him from his vehicle, and took him into custody. *Id.* ¶ 9. Freeman was then interrogated about the six telephone messages he left on Clerk Brown's office number. *Id.* ¶ 12. Freeman was held in custody for over 48 hours, and was not brought before a magistrate judge. *Id.* ¶¶ 14-15.

On December 5, 2009, after listening to the telephone messages, the State's Attorney's Office chose not to pursue felony charges. *Id.* ¶ 16. But Darby, who is employed by the Clerk's Office as Director of Security, signed a complaint against Freeman for a state-law misdemeanor, specifically, Harassment by Telephone. *Id.* ¶¶

---

[2] It is worth noting, however, that the complaint does not mention a violation of Freeman's First Amendment rights.

4, 16. The criminal complaint named Brown as the alleged victim of the harassment. *Id.* ¶ 16. Davis allegedly also claimed that the phone messages were threatening; Davis works for the Clerk's Office as Chief Investigator. *Id.* ¶¶ 4, 22. Freeman was charged with a Class A Misdemeanor for Harassment by Telephone under the Illinois Harassing and Obscene Communications Act, 720 ILCS 135/1-1. *Id.* ¶ 17. Freeman was released from custody on the same day as his arrest (December 5). *Id.* On September 16, 2011, all charges against Freeman were dismissed. *Id.* ¶ 18. Freeman contends that all charges were resolved in his favor. *Id.*

Freeman filed this lawsuit in December 2011. He alleges that the Clerk Defendants—Dorothy Brown, Melvin E. Darby, and Jerry Davis—among others, deprived him of his Fourth Amendment right to be free from unlawful seizure, arrest, and restraint by having him arrested without probable cause. *Id.* ¶¶ 42-43. He alleges that the Clerk Defendants caused the deprivation, in part, by claiming that Freeman had harassed and threatened Clerk Brown when he had not. *Id.* ¶¶ 45-46. Freeman also alleges that the Clerk Defendants engaged in malicious prosecution without probable cause by signing a criminal complaint that charged him with Harassment by Telephone. *Id.* ¶¶ 20-25. Freeman contends that the Defendants knew they were making false allegations because they had listened to, or had the opportunity to listen to, the six voicemail messages. *Id.* ¶ 23. Freeman alleges that the Defendants were motivated by malice because of the insulting nature of the messages. *Id.* ¶ 25. The Clerk Defendants filed a motion to dismiss, which is now before this Court. R. 15.

**II.**

Under the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 545 (2007). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to the assumption of

4

truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679-80.

### III.

### A.

Section 1983 provides a cause of action against a person, who, acting under color of state law, deprives an individual of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (quoting 42 U.S.C. § 1983). It provides the procedural vehicle for bringing suit as a "method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The plaintiff must identify the specific constitutional right that was infringed. *Id.* at 394. Here, Freeman's federal claim against Defendants Brown, Darby, and Davis alleges that Defendants violated his Fourth Amendment right to be free from unreasonable seizure, arrest, and restraint. R. 1 ¶¶ 41-47. In moving to dismiss Freeman's § 1983 claim, the Clerk Defendants advance several arguments, to which the opinion now turns.

### 1.

First, the Clerk Defendants argue that Freeman cannot state a claim for false arrest under the Fourth Amendment because Freeman's own complaint demonstrates that there was probable cause to believe that the telephone calls to the Clerk's Office violated Section 1-1(2) of the Illinois Harassing and Obscene Communications Act, 720 ILCS 135/1-1. R. 16 at 5-7. The probable cause inquiry is an objective one. *Carmichael v. Vill. of Palatine.*, 605 F.3d 451, 457 (7th Cir. 2010). "Probable cause exists if, at the

5

time of the arrest, the facts and circumstances within the defendant's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010) (internal citations omitted). A court evaluates probable cause not with the benefit of hindsight, "but on the facts as they appeared to a reasonable person in the defendant's position, even if that reasonable belief turned out to be incorrect." *Id*. The resolution of the question of whether probable cause exists typically falls within the province of the jury; however, a conclusion that probable cause exists as a matter of law is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them. *See Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 473 (7th Cir. 1997) (internal citations omitted).

In this case, contrary to Defendants' argument, Freeman alleges sufficient facts to support his claim that Defendants did not have probable cause to arrest him. A jury might later find otherwise, or discovery might disclose that summary judgment against Freeman is appropriate, but at this stage, the complaint survives. Specifically, the complaint alleges that the voicemail messages contained no threats. R. 1 ¶ 23. Freeman contends that all messages simply expressed his dissatisfaction with the Clerk's Office and Clerk Brown. *Id*. Although not overwhelming, these facts—when construed in Freeman's favor, as we must at this stage of the litigation—sufficiently allege that the defendants did not have probable cause to cause the arrest of Freeman for Harassment by Telephone.

Moreover, in arguing for dismissal, Defendants have taken out of context Freeman's allegation that the messages were "insulting." When read in context and in the light most favorable to the plaintiff, Freeman's use of the term "insulting" does not relate to his intent to harass and does not equate the messages' content to a threat, as argued by the Defendants, but rather "insulting" merely describes Freeman's messages as expressing his dissatisfaction toward Clerk Brown and her staff. Indeed, it is not even clear that Freeman's own characterization of the messages as "insulting," whatever that precisely means, will have direct relevance to a jury's evaluation of whether there was probable cause to believe the messages constituted threats. Upon further development of the factual record, Defendants may ultimately be able to establish that they had probable cause to arrest Freeman, but at this stage of the proceedings, when the complaint is read as a whole, it is plausible that the Defendants lacked probable cause at the time of the arrest. Accordingly, the Court concludes that the allegations in the complaint do not definitively establish the existence of probable cause such that dismissal of the complaint is permitted.

**2.**

The Clerk Defendants also argue that they are entitled to qualified immunity. R. 16 at 7. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power

7

irresponsibly and the need to shield public officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Put another way, the general purpose of qualified immunity is "to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages.'" *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Davis v. Scherer*, 468 U.S. 183, 195 (1984)).

Qualified immunity analysis comprises two parts: (1) whether the facts alleged amount to a constitutional violation, and (2) whether the violation was clearly established at the time of the defendant's conduct. *Pearson*, 555 U.S. at 236 (overruling mandatory sequential two-step procedure of *Saucier v. Katz*, 553 U.S. 194 (2001)). Courts have discretion to consider whether the violation was clearly established before (or in some cases, without) determining whether the conduct amounts to a constitutional violation. *Id.* at 236-39.

Here, it should first be noted, "a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Alvarado v. Litscher*, 267 F.3d 648, 651-52 (7th Cir. 2001) (citing *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal . . . [as] when defendants do assert immunity it is essential to consider facts in addition to those in the complaint." *Id.* (internal citations omitted).

Moreover, in this case specifically, the Defendants' qualified immunity claim suffers from a separate defect. Here, the Defendants' qualified immunity claim is based *entirely* on the assumption that the complaint establishes probable cause. R. 16 at 7.

8

The Defendants argue that because probable cause existed at the time of arrest, Freeman's constitutional rights were not violated. *Id*. However, as discussed above, this Court cannot conclude from this record that probable cause existed as a matter of law at the time of Freeman's arrest. Assuming no probable cause existed at the time of arrest, the Defendants should have known that they were infringing on Freeman's constitutional rights as arresting a person without probable cause—here, based on allegedly non-threatening voicemail messages—is clearly a violation of the Fourth Amendment. And Defendants do not separately develop an argument for qualified immunity beyond the lack of probable cause. Accordingly, for the above reasons, Defendants' motion to dismiss based on qualified immunity is denied.

### 3.

Finally, Defendants argue, with respect to Clerk Brown, that Freeman failed to allege that Clerk Brown was personally involved in the seizure, arrest, and restraint of Freeman. R. 16 at 4. To be sure, it is well established that personal involvement is a prerequisite for individual liability in a § 1983 action. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 2000); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (finding that an individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation). The doctrine of respondeat superior does not apply to actions filed under § 1983. *See Gossmeyer*, 128 F.3d at 495. To be held liable under § 1983, "supervisors must know about [their subordinate's] conduct and facilitate it, approve it, condone it, or turn a blind eye for

9

fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Lanigan*, 110 F.3d at 477.

Here, contrary to Clerk Brown's assertions, Freeman's allegations are sufficient to allege Clerk Brown's personal involvement in the constitutional violations at issue. In his complaint, Freeman alleges that Clerk Brown listened (or had an opportunity to listen) to the telephone messages, knew the messages were not threatening, and supported the instigation of false allegations against Freeman. R. 1 ¶¶ 22-23. Taking these facts as true, the Court concludes that it is plausible that Clerk Brown personally participated in Freeman's alleged false arrest by knowingly condoning Darby's act to initiate a false arrest complaint against Freeman for Harassment by Telephone. Discovery might show otherwise, of course, but dismissal under Rule 12(b)(6) is not appropriate at this stage of the case. Accordingly, the complaint alleges sufficient facts to defeat Clerk Brown's motion to dismiss based on lack of personal involvement.

**B.**

Freeman also brings a malicious prosecution claim. Under Illinois law, the elements of a malicious prosecution claim are (1) commencement of criminal proceedings by the defendants; (2) termination of that matter in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir.2009) (citing *Swick v. Liautaud*, 662 N.E.2d 1238 (Ill. 1996)). With respect to the second element, a plaintiff must show that the underlying criminal proceedings were terminated in a manner that is indicative of his innocence. *Id.* The absence of any one

of these elements bars a plaintiff from pursuing the claim. *See Swick*, 662 N.E.2d at 1242.

Defendants seek dismissal of Freeman's malicious prosecution claim on the grounds that: (1) probable cause existed for the proceedings; (2) because probable existed, he cannot allege the requisite malice; and (3) Freeman failed to sufficiently plead that Clerk Brown commenced or continued a civil or criminal proceeding against him. R. 16 at 8-11.

**1.**

First, as discussed above, in this case, the existence of probable cause cannot be determined against Freeman as a matter of law at this stage in the proceedings. Accordingly, because Freeman has adequately alleged that probable cause did not exist for his arrest—an allegation that the Court must accept as true—Freeman's malicious prosecution claim will not be dismissed on this ground.

**2.**

Likewise, Freeman's malicious prosecution claim will not be dismissed on the grounds that Freeman cannot establish the requisite malice. Once again, the Defendants' argument rests entirely on the assumption that probable cause exists, R. 19 at 5-7, which the Court does not believe can be determined at this stage. Thus, Freeman's claim will not be dismissed on this ground either.

**3.**

11

Finally, Clerk Brown claims that Freeman failed to sufficiently plead that she commenced or continued his misdemeanor prosecution for Harassment by Telephone. Under Illinois law, "criminal proceedings are commenced by the filing of a complaint, an indictment or an information. Illinois law requires that, in order to commence or continue a criminal proceeding, the defendant must have initiated the criminal proceeding or his participation in it must have been of so active and positive a character as to amount to advice and cooperation." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001) (internal citations omitted). The commencement requirement is also satisfied if the defendant knowingly made false statements to the police. *See Allen v. Berger*, 784 N.E.2d 367, 370 (2002) ("[W]hen a person makes a knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person.").

Here, Freeman alleges that Defendants Brown, Darby, and Davis knew that the allegations they provided to the police—that Freeman had threatened Clerk Brown—were false because they had listened to, or had the opportunity to listen to, the six voicemail messages left by Freeman. R. 1 ¶¶ 22-23. Assuming this is true, Clerk Brown would be responsible, in part, for Freeman's prosecution because she is alleged to have actively participated in and cooperated with the making of a report to a prosecuting officer that she knew was false and that contributed to the commencement of the criminal proceedings against Freeman. *Id*. at 370. *See Wallace v. City of Zion*, 2011 WL 3205495, *5 (N.D. Ill. July 28, 2011) (finding commencement element satisfied where plaintiffs alleged that defendant made false statements which

12

contributed to the commencement of the criminal proceedings against them). *Cf. Logan*, 246 F.3d at 922 (finding defendants did not commence criminal proceedings where it was undisputed that defendants did not file a complaint against plaintiff nor were alleged to have knowingly provided false information to the police). Again, discovery might show otherwise, but Clerk Brown's personal involvement is sufficiently alleged. Accordingly, the Court will not dismiss Freeman's malicious prosecution claim on the ground that Freeman failed to sufficiently plead that Clerk Brown commenced or continued a civil or criminal proceeding against him.

### IV.

For the reasons discussed above, the Clerk Defendants'—Dorothy Brown, Melvin E. Darby, and Jerry Davis—motion to dismiss is denied. R. 15.

ENTERED:

*Edmond E. Chang*
_____
Honorable Edmond E. Chang
United States District Judge

DATE: August 29, 2012

13